# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D20-967

_____

S.C., Father of H.L.S., A Minor
Child,

 Appellant,

 v.

DEPARTMENT OF CHILDREN AND
FAMILIES,

 Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Michael G. Allen, Judge.

September 1, 2020

PER CURIAM.

Appellant father, S.C., appeals the trial court's final order terminating his parental rights to minor child, H.L.S. We affirm.

The Department of Children and Families (the Department) sheltered the child, H.L.S., at birth. In the twenty months between the child's shelter and the trial on termination of parental rights, Appellant's visitation remained supervised due to numerous missed visits and a lack of engagement in his case plan.

At the time of trial, the only case plan task Appellant had completed was a parenting class, which Appellant did not begin

until after the Department filed a petition for involuntary termination of parental rights—thirteen months after the child had been removed and sheltered. Appellant repeatedly failed to follow through with referrals for domestic violence intervention and infant mental health counseling. While Appellant attempted to engage in some case tasks shortly before the trial, twenty months and four review hearings had passed since the child's removal during which Appellant never substantially engaged in his case plan. Appellant also provided no financial support for the child when in the care of foster parents.

The trial court found Appellant's inconsistent visitation demonstrated a marginal effort that was incidental or token, as described by the statutory definition for abandonment. *See* § 39.01(1), Fla. Stat. (2019). Additionally, the court found Appellant did not make a "significant contribution to the child's care and maintenance," nor did he "establish or maintain a substantial and positive relationship" with the child. *Id.*

The trial court found by clear and convincing evidence (1) there was sufficient proof of two statutory grounds for termination, (2) termination was in the manifest best interests of the child, and (3) termination was the least restrictive means of protecting the child. The court completed a detailed manifest best interests analysis using the eleven-factor test required by section 39.810, Florida Statutes (2019). After making these findings, the court granted the petition for involuntary termination of Appellant's parental rights.

Our standard of review in termination of parental rights cases is highly deferential. A trial court's "finding that evidence is clear and convincing enjoys a presumption of correctness and will not be overturned on appeal unless clearly erroneous or lacking in evidentiary support." *N.L. v. Dep't of Children & Family Servs.,* 843 So. 2d 996, 999 (Fla. 1st DCA 2003). Here, the trial court's findings are supported by competent, substantial evidence and are not otherwise clearly erroneous.

AFFIRMED.

LEWIS, NORDBY, and LONG, JJ., concur.

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Robert C. Allen, Pensacola, and Jonathan Mills, Orlando, for Appellant.

Sarah J. Rumph, Appellate Counsel, Children's Legal Services, Tallahassee, for Appellee Department of Children and Families; Thomasina Moore, Statewide Director, and Sara Elizabeth Goldfarb, Senior Attorney, Guardian ad Litem Program, Tallahassee, and Morgan Lyle Weinstein of Weinstein Law, P.A., Fort Lauderdale, for Appellee Guardian ad Litem Program.